UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Antonio Lamotta,<br><br>    Defendant. | Case No. 22-cr-320 (JMC) |

**ANTONIO LAMOTTA'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Antonio Lamotta, through counsel, respectfully submits this reply in support of his motion to exclude improper 404(b) evidence. The government filed an Opposition to Mr. Lamotta's motion (ECF No. 34) still insisting that acquitted conduct and irrelevant conduct that occurred months before January 6, 2021 is admissible. The government still has not demonstrated that this evidence is probative of a material issue other than character and any minimal probative value is not outweighed by its unfair prejudice to Mr. Lamotta.

## ARGUMENT

I. **The government relies on text messages that do not reflect the actual conduct that occurred on November 4, 2020. Even if it did, this evidence is still inadmissible under 404(b) or as "intrinsic" evidence.**

The government argues in its opposition that Mr. Lamotta sent text messages prior to his trip to Philadelphia saying "we have a truckload of fake ballots we're going to raid." Gov. Opp. at 4. However, that is not what Mr. Lamotta actually did when he got to Philadelphia. In fact, he was inside his car when he was arrested for unlawful possession of a firearm. And at a trial, the jury agreed that Mr. Lamotta's intent *was not* to interfere with the Philadelphia vote count. So while he was convicted of unlawful possession of a firearm, he was not convicted of the very evidence the government wishes to introduce at trial. The government now tries to admit this evidence as "intrinsic" evidence to the instant matter. *Id*. at 5. Its main argument is that because it has to prove "an intent to disrupt Congress" in the instant matter, that it can admit statements from November of 2020 as intrinsic to the crime charged even though the statements are in relation to an entirely different incident. *Id*. at 5-6.

In order for evidence to be deemed intrinsic, it must be "inextricably intertwined with the evidence *regarding the charged offense.*" *United States v. Badru*, 97 F.3d 1471, 1474 (D.C. Cir. 1996) *quoting United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983). (emphasis added). In *Badru*, the D.C. Circuit found evidence about an overseas smuggling trip to be intrinsic to the charged conspiracy

2

to distribute because they had to obtain heroin from a source before they could distribute it. *Id*. at 1475. Unlike *Badru*, any involvement that Mr. Lamotta had in Philadelphia was not "inextricably intertwined" with the instant matter. Firstly, Mr. Lamotta's proven conduct in Philadelphia was essentially sitting in a car with unlawful firearms. There is nothing about that conduct that is intertwined with the instant matter. To the extent the government just seeks to admit Mr. Lamotta's statements prior to going to Philadelphia, their argument is still flawed because Mr. Lamotta's pre Philadelphia statements (a) did not come to fruition, and (b) did not have anything to do with the vote count on January 6, 2021. The government cannot just compile all statements made about any vote count in a single election and claim they are tied because it's the same election year.

The D.C. Circuit has recognized that two types of evidence may be properly considered intrinsic, (1) evidence "of an act that is part of the charged offense"; and (2) evidence of "some uncharged acts performed contemporaneously with the charged crime…that facilitate the commission of the charged crime." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). It is already established that the government cannot show the first prong in *Bowie*. The government also cannot establish that Mr. Lamotta's acts in Philadelphia were contemporaneous with the instant offense. Regardless of their irrelevance to one another, the time period in between was two entire months. Not only is that time period not contemporaneous but the acts in Philadelphia also did not facilitate the commission of the instant matter. There is nothing about what happened in Philadelphia that somehow aided Mr. Lamotta in

3

allegedly disrupting Congress in a different vote count two months later. Lastly, the D.C. Circuit explained its disagreement with other circuits' formulations of "intrinsic" evidence:

> We do not find these [other circuit] formulations particularly helpful. Some are circular: inextricably intertwined evidence is intrinsic, and evidence is intrinsic if it is inextricably intertwined. Others are over-broad. ***The "complete the story" definition of "inextricably intertwined" threatens to override Rule 404(b).*** A defendant's bad act may only be tangentially related to the charged crime, but nevertheless could "complete the story" or "incidentally involve" the charged offense of "explain the circumstances." If the prosecution's evidence did not "explain" or incidentally involve" the charged crime, it is difficult to see how it could pass the minimal requirement for admissibility that evidence be relevant. The district court invoked the *"res gestae"* doctrine in finding the April 17 evidence inextricably intertwined with the charged crime. To the extent this Latinism was meant to suggest that the April 17 evidence was outside [Rule 404(b)](#) because it "explained the events" or "completed the story," we do not agree. As we have said, all relevant prosecution evidence explains the crime or completes the story. The fact that omitting some evidence would render a story slightly less complete cannot justify circumventing [Rule 404(b)](#) altogether. Moreover, evidence necessary to complete a story—for instance by furnishing a motive or establishing identity—typically has a non-propensity purpose and is admissible under [Rule 404(b)](#). We see no reason to relieve the government and the district court from the obligation of selecting from the myriad of non-propensity purposes available to complete most any story

*Bowie*, 232 F. 3d at 928. (emphases added).

Under D.C. Circuit precedent, the court should reject the government's attempt at characterizing statements made two months prior about conduct that was eventually acquitted as "intrinsic" to the instant matter because it does nothing to "complete the story" in this matter.

II. **The government has not established it will admit this evidence for a legitimate nonpropensity purpose.**

The government argues it is permitted to rebut a defense that it does not even know will be presented (Gov. Opp. at 8-9) mainly that Mr. Lamotta did not have the requisite intent. This argument alone is entirely insufficient under 404(b) in that mostly *every* crime has an intent requirement. The government cannot just carte blanche admit evidence that is improper to rebut intent. Allowing such a blanket admission would result in improper evidence being admitted at every trial where the government must prove intent.

The government argues that "the fact that the defendant was willing to drive all the way from Chesapeake, Virginia to Philadelphia..with the stated aim of "raiding" those ballots…makes it more likely he would travel to Washington D.C. with the intent to stop the very same votes from being certified." *Id*. at 9. Firstly, and again, Mr. Lamotta was acquitted of "raiding ballots in Philadelphia." Secondly, the government itself describes improper propensity evidence in this very statement. Even if Mr. Lamotta did intend on raiding ballots in Philadelphia does not mean he would do the same in D.C. in a different vote count. Secondly, Mr. Lamotta is not being charged with Obstruction of an Official Proceeding, which would require the government to show an intent to stop the actual vote count on

5

January 6, 2021. He is only charged with "disrupting Congress." That does not require the government to make that same jump and there is no identifiable purpose for such a propensity admission in this case. Lastly, the government has no idea what Mr. Lamotta's defense will be. It could very well be different than the one the government is anticipating and so it would be improper for them to admit evidence based on an assumption at this point.

### III. The fact that Mr. Lamotta is proceeding with a bench trial does not eliminate the requirement that the government not admit prejudicial evidence.

While Mr. Lamotta understands that a bench trial is different than a jury trial, the Court should still prohibit evidence that is unduly prejudicial, especially when the probative value is *de minimus*. Under Rule 404(b), the government also fails the second prong of the test because the probative value or its proposed evidence is "substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the [fact-finder]." Fed. R. Evid. 403. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to "lure the *factfinder* into declaring guilt on a ground different from proof specific to the offense charged. *Old Chief v. U.S.* 519 U.S. 172, 180 (1997). (emphasis added).

The government's only substantive rebuttal to the prejudice argument is that we are proceeding by bench trial. Therefore, the government has not shown that this evidence is more probative than prejudicial.

## Conclusion

For the above reasons, Mr. Lamotta requests that the Court grant his motion to preclude improper 404(b) evidence.

                                      Respectfully Submitted,

                                      A.J. KRAMER
                                      FEDERAL PUBLIC DFENDER

                                      _____/s/_____
                                      Maria N. Jacob
                                      Assistant Federal Public Defender
                                      Office of the Federal Public Defender
                                      for the District of Columbia
                                      625 Indiana Avenue, N.W.
                                      Washington, D.C. 20004